# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| WEST COUNTY PROPERTY HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>WCCC OP LLC,<br><br>Defendant. | **Case No. 4:23-cv-407**<br><br>**NOTICE OF REMOVAL**<br><br>[Removed from the Circuit Court of St. Louis County, State of Missouri, Case No: 23SL-CC00917]<br><br>**JURY TRIAL DEMANDED** |

**PLEASE TAKE NOTICE** that Defendant WCCC OP LLC ("Defendant"), by and through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby removes the above-captioned action to the United States District Court for the Eastern District of Missouri, Eastern Division from the Circuit Court of St. Louis County, State of Missouri (Case No: 23SL-CC00917), where the action was originally filed and is currently pending.

Defendant states the following in support of removal:

## I. PROCEDURAL BACKGROUND

1. On March 3, 2023, West County Property Holdings, LLC ("Plaintiff") filed its initial pleading, a summons and verified petition, captioned *West County Property Holdings, LLC v. WCCC OP LLC*, Case No: 23SL-CC00917, in the Circuit Court of St. Louis County, State of Missouri (the "State Court Action"). Pursuant to 28 U.S.C. § 1446(a) and E.D.Mo. L.R. 2.03, the

complete file from the Circuit Court of St. Louis County, Missouri, including copies of all process, pleadings, and orders, are attached to this Notice of Removal as **Exhibit A**.[1]

2. Plaintiff is a Missouri limited liability company engaged in the business of property management with its principal office located at c/o Cascade Capital Group, LLC, 3450 Oakton Street, Skokie, IL 60076. *See* **Exhibit A**, Verified Petition at ¶ 1. As discussed further below, for purposes of diversity jurisdiction, Plaintiff is a citizen of Illinois because upon information and belief all of its members are citizens of Illinois.

3. Defendant is a Delaware limited liability company engaged in the business of operating a skilled nursing care facility. Defendant is a citizen of New York, Missouri, Nevada and California because the sub-members of its sole member are citizens of those states.

4. Complete diversity of citizenship exists between the parties in this action because no defendant holds citizenship in the same state where any plaintiff holds citizenship. 28 U.S.C. § 1332(a)(1).

5. Plaintiff alleges that Defendant owes Plaintiff pursuant to a lease agreement dated as of March 1, 2021 (the "Lease"). *See* **Exhibit A**, Verified Petition at ¶ 7, and Lease, attached as Exhibit A to Verified Petition. Plaintiff alleges that certain real and personal property located at 312 Solley Drive, Rear, Ballwin, Missouri 63021 (collectively and all as described in the Lease, the "Property") is the subject of the Lease. *See* **Exhibit A**, Verified Petition at ¶ 6.

6. Specifically, Plaintiff alleges, *inter alia*, that Defendant failed to complete required work under Article XI of the Lease (*See* **Exhibit A**, Verified Petition at ¶ 12), that Defendant is in

---

[1] For ease of reference and in compliance with applicable procedural requirements for this notice of removal as explained further below, all requisite papers filed in the State Court Action are attached hereto as a separate single exhibit, including a complete copy of the current state court docket sheet. *See* **Exhibit A**.

breach of its financial covenants to its secured lender, in breach of section 27.3 of the Lease (*id.*), and that Defendant has not timely paid Rents and other amounts due and owing under the Lease (*id.* at ¶ 13). Plaintiff also alleges that Defendant has received notice of various violations at the Property from local municipal officials and public health officials. (*See id.* ¶¶ at 14-17).

7. Plaintiff contends that based upon the foregoing, Plaintiff notified Defendant of its breaches under the Lease, and, that as a result of the same, Plaintiff intended to move for the appointment of a receiver at the Property on an emergency basis. (*Id.* at ¶ 18).

8. Pursuant to Local Rule 2.03, all pending motions and responses to those motions filed in the State Court Action are attached as **Exhibit B**.

## II. GROUNDS FOR REMOVAL

9. Defendant removes this action pursuant to 28 U.S.C. § 1441(b) on the ground that the above-captioned matter is a civil action over which this Court has original diversity jurisdiction under 28 U.S.C. § 1332.

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 because the dispute is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Thus, removal is proper under 28 U.S.C. § 1441(b).

## III. THIS COURT HAS JURISDICTION OVER THIS CASE BASED UPON DIVERSITY JURISDICTION.

11. Under 28 U.S.C. § 1332, the Court has jurisdiction over a case if (i) the amount in controversy exceeds $75,000 exclusive of interests and costs, and (ii) there is complete diversity, i.e., no plaintiff shares a state of citizenship with any defendant.

12. Here, Plaintiff is a limited liability company organized under the laws of the State of Missouri. *See supra,* ¶ 2.

13. For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of its members. *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015).

14. At the commencement of this action, and at the time of filing this Notice of Removal, upon information and belief, Plaintiff West County Property Holdings, LLC's sole member was and is a citizen of Illinois. Therefore, Plaintiff is an Illinois citizen for purposes of diversity jurisdiction since its sole member and owner is a citizen of Illinois.

15. At the commencement of this action, and at the time of filing this Notice of Removal, all the sub-members of the sole member of WCCC OP LLC were and are citizens of New York, California, Nevada, and Missouri. WCCC OP LLC is owned 100% by its sole member ADL OP Holdings LLC, a Delaware limited liability company, which is in turn owned 100% by its sole member Missouri OP Holdings LLC, a Delaware limited liability company with several members listed in the next paragraph.

16. The following entities and individuals are members of Missouri OP Holdings LLC:

    a. GCM Missouri LLC. At the commencement of this action and at the time of filing this Notice of Removal, GCM Missouri LLC, was and is a Delaware limited liability company who is 100% owned by its sole member, Goldner Capital Management, LLC. Goldner Capital Management, LLC is 100% owned by its sole member, the Goldner Family Trust. The trustee of the Goldner Family Trust is Bryn Mawr Trust Company of Delaware, a Delaware corporation.

    b. Susan Goldner, a New York citizen.

    c. Chana Kahan, a New York citizen.

    d. Leslie Kahan, a New York citizen.

e.  Gabriel Mayer, a New York citizen.

f.  Aaron Mayer, a New York citizen.

g.  Helene Mayer 2007 Irrevocable Exempt Trust, a traditional trust established under the laws of California, whose trustee, Helene Mayer, is a citizen of California.

h.  David Murphy, a Missouri citizen.

i.  CF Care, LLC. At the commencement of this action and at the time of filing this Notice of Removal, CF Care, LLC, was and is a Delaware limited liability company whose sole member is The Capital Foresight Limited Partnership, a Nevada limited partnership, whose general partner is Saidoff Foresight LP, a Nevada limited partnership, and whose limited partner is The Double Jay Trust, a traditional trust established under the laws of Nevada, whose trustee, Hayim Mizrachi is a citizen of Nevada. The members of Saidoff Foresight, LP are Naty Saidoff, LLC, a Nevada limited liability company, and Natanel "Naty" Saidoff, a California citizen. Netanel "Naty" Saidoff is the sole member of Naty Saidoff, LLC.

17.  Since Plaintiff is a citizen of Illinois and all sub-members of the limited liability company who is the sole member of WCCC OP LLC are citizens of New York, California, Nevada, and Missouri, complete diversity exists among the parties.

18.  Defendant notes for the record that it only recently discovered through investigation that the parties are diverse and this case is removeable.

19.  The amount in controversy exceeds $75,000 exclusive of interest and costs. *See* ¶ 21, *supra*.

20.  Therefore, all the jurisdictional requirements of 28 USC § 1332 are satisfied.

5

## IV. SUBJECT MATTER JURISDICTION, NOTICE TO PLAINTIFF AND TO STATE COURT, AND DIVISIONAL VENUE REQUIREMENTS HAVE ALL BEEN SATISFIED

21. The United States District Court for the Eastern District of Missouri, Eastern Division, has original jurisdiction in this matter because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See E3 Biofuels*, 781 F.3d at 975. Therefore, removal is proper, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441(a).

22. After the filing of this Notice of Removal, a copy of this Notice will be filed with the Clerk of the Circuit Court of St. Louis County, Missouri, and will provide notice to Plaintiff, all as required by 28 U.S.C. § 1446(d). *See* **Exhibit C**.

23. Removal to the United States District Court for the Eastern District of Missouri, Eastern Division, is proper under 28 U.S.C. § 105(a)(1) and 28 U.S.C. § 1441(a), because the Circuit Court of St. Louis County, Missouri is located within the Eastern Division of the Eastern District of Missouri.

24. This notice is timely because it is being filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The commencement of the removal period is triggered by formal service of process. *See Ki Beom Kim v. Dyna Flex, Ltd.*, 525 F. Supp. 3d 999, 1004 (E.D. Mo. 2021) ("[T] the plain language of 28 U.S.C. § 1446(b)(1) and the Supreme Court's decision in *Murphy Bros., Inc.* [*v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999)] make perfectly clear that formal service of process is a requirement to start the clock on removal.").

25. Plaintiff filed its Summons and Verified Complaint with supporting papers on March 3, 2023, and Plaintiff served the same upon Defendant on March 8, 2023. *See* **Exhibit A**. Thirty days from March 8, 2023 is April 7, 2023.

26. Therefore, the instant notice of removal is timely under 28 U.S.C. § 1446(b)(1).

27. Because Defendant is the sole defendant in this action, no other defendant is required to consent to this removal.

### VI. RESERVATION OF RIGHTS

28. This Notice of Removal is filed subject to and with full reservation of all rights and defenses under federal or state law, including but not limited to defenses and objections to forum, venue, improper service, and jurisdiction. No admissions are intended hereby as to the propriety of liability or damages with respect to any aspect of this case. Nothing in this Notice of Removal should be taken as an admission that the Plaintiff's allegations are sufficient to state a claim for relief or have any merit, or that the Plaintiff is entitled to or otherwise may recover any of the amounts described above.

29. If this Court rules pleadings and other documents lack adequate information from which to ascertain the prerequisites to jurisdiction under 28 U.S.C. § 1332, the removal clock will have not begun to run, and Defendant reserves the right to remove this action at the appropriate time. *See Knudson v. Sys. Painters, Inc.*, 634 F.3d 968, 974–75 (8th Cir. 2011); *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010).

**WHEREFORE**, Defendant respectfully requests that the above action, now pending before the 21st Judicial Circuit Court for St. Louis County, Missouri, be removed to the United States District Court for the Eastern District of Missouri, that no further proceedings be had in this case in the Circuit Court for St. Louis County, that this Court exercise its subject matter jurisdiction over this matter, and grant such other and further relief as it deems necessary and appropriate.

Respectfully submitted,

HUSCH BLACKWELL LLP

By: /s/ *Caroline L. Hermeling*
    Caroline L. Hermeling #33998
    8001 Forsyth Boulevard, Suite 1500
    St. Louis, Missouri 63105
    Telephone: 314-480-1500
    Fax: 314-480-1505
    *carrie.hermeling@huschblackwell.com*

*Attorneys for Defendant WCCC OP LLC*

**AKERMAN LLP**
Massimo F. D'Angelo, Esq. *(pro hac adm. pending)*
1251 Avenue of the Americas, 37th floor
New York, New York 10020
Telephone: (212) 880-3800
Facsimile: (212) 880-8965
*massimo.dangelo@akerman.com*

*Attorneys for Defendant WCCC OP, LLC*